UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                    CRIMINAL NO. 3:08-CR-81-DPJ-FKB

BRIA DANIELLE MORRIS

ORDER

Defendant Bria Danielle Morris asks the Court to "defer" her obligation to pay restitution while incarcerated.  Mot. [82].  For the following reasons, her motion is denied.

I.      Facts and Procedural History

In May 2018, the grand jury handed down a 10-count indictment against Morris, alleging bank fraud and related charges.  In July 2009, Morris pleaded guilty to four counts of a thirteen-count superseding indictment.  In November 2009, the Court sentenced Morris to an 81-month total term of incarceration to be followed by a five-year term of supervised release.  The Court also ordered Morris to pay restitution in the amount of $57,251.  Pursuant to the Amended Judgment entered on March 2, 2010, the Court ordered that payment on the restitution order should "begin immediately," with scheduled monthly payments of $100 "to commence 60 days . . . after release from imprisonment to a term of supervision."  Am. J. [58] at 7.  Morris's obligation to pay restitution was joint and several with her co-defendant Jaynita Coleman.  *Id.* Morris did not appeal her conviction or the sentence imposed.

Having never made a payment toward her restitution obligation, Morris completed her term of incarceration and began to serve her term of supervised release in late 2014.  She continued her pattern of nonpayment during her supervised release, not tendering any of the required monthly payments that became due 60 days into her term of supervision.  In August

2019, the Court revoked Morris's supervised release for engaging in financial crimes and sentenced her to a 24-month term of incarceration, which she is presently serving at the low-security correctional facility in Aliceville, Alabama.  Following her projected release in May 2021, Morris will serve an additional 18-month term of supervised release.

To date, Morris has yet to pay a dime towards the restitution owed in this case, though as of December 18, 2020, the balance is down to $56,126 due to some modest payments by Morris's co-defendant.  And Morris has an outstanding balance of over $12,000 owed on a previous conviction in an earlier case, having paid only $400 toward that 18-year-old debt.  *See United States v. Morris*, 3:02-CR-23-TSL-JCS, J. [16] (Aug. 30, 2002) (ordering $12,600.61 in restitution).  So, in early 2020, the United States Attorney's Office "began attempts to initiate some recovery from Morris on her criminal debt."  Gov't's Resp. [85] at 2.  In apparent response to these collection efforts, Morris filed her motion seeking to "defer" her restitution obligation until after her upcoming projected release.  Mot. [82].

II.    Analysis

Morris does not offer any legal basis for her request for deferral of her long-ignored restitution obligation, and the Court is not convinced it has jurisdiction to grant her motion.  *See United States v. Hatten*, 167 F.3d 884 (5th Cir. 1999) (finding district court lacked jurisdiction to invalidate restitution order or to set a restitution schedule three years after sentencing); *United States v. Colin*, No. 10-607(1), 2011 WL 2600482, at *2 (S.D. Tex. June 28, 2011) ("[R]estitution is a sentencing issue that should have been raised on direct appeal." (citing *Hatten*, 167 F.3d at 887 & n.5)).

The most obvious statutory source for an amendment to a restitution order is 18 U.S.C. § 3664(k), which provides:

2

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

But Morris has not shown that her economic circumstances have changed materially since her sentencing; she has provided no information whatsoever about her financial circumstances now or at any time since sentencing. Absent such a showing, the Court cannot grant relief under § 3664(k). *See United States v. Franklin*, 595 F. App'x 267, 272–73 (5th Cir. 2014) ("Without a material change in Franklin's economic circumstances, § 3554(k) does not apply . . . .") (citing *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000) ("A change of the sort contemplated by the statute is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed.")).

If Morris were participating in the Inmate Financial Responsibility Program and wanted to challenge a payment plan developed under that program, the appropriate vehicle would be a case "filed under 28 U.S.C. § 2241 and in the district of incarceration." *United States v. Diggs*, 578 F.3d 318, 319 (5th Cir. 2009). And such a suit would be subject to an administrative-exhaustion requirement. *Id.* at 320. But according to the Government, Morris has "refused to voluntarily enter into the . . . Inmate Financial Responsibility Program." Gov't's Resp. [85] at 2.

In sum, the Court finds no basis—statutory or otherwise—for deferring Morris's restitution obligation. Instead, as the Government suggests, the Court encourages Morris to participate in the Inmate Financial Responsibility Program going forward. Morris has significant financial obligations to fulfill; continuing to ignore them will not improve the situation.

III.    Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Morris's Motion to Defer Restitution [82] is denied.

**SO ORDERED AND ADJUDGED** this the 29th day of January, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE